**ZHAO AN GUO, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 06–73247.

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed July 2, 2009.

Law Offices of Farah Loftus, Century City, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Se-

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

curity, San Francisco, CA, Jocelyn Lopez Wright, Mona Maria Yousif, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

### MEMORANDUM **

Zhao An Guo, a native and citizen of China, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review adverse credibility determinations for substantial evidence, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), we deny the petition for review.

Even if Guo timely applied for asylum, the IJ's adverse credibility determination is supported by substantial evidence · because the IJ identified material and relevant inconsistencies between Guo's declaration, testimony and documentary evidence regarding the medical treatment he received, and this goes to the heart of Guo's claim of persecution. *See Kohli v. Gonzales*, 473 F.3d 1061, 1071 (9th Cir.2007); *see also Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir.2004) (holding as long as one of the identified grounds is supported by substantial evidence and goes to the heart of the asylum claim, the court is bound to accept

the adverse credibility finding). Accordingly, Guo's asylum and withholding of removal claim fails.

Substantial evidence also supports the IJ's denial of CAT relief because Guo's CAT claim is based on the same statements found to be not credible and he does not point to any other evidence in the record showing it is more likely than not he would be tortured if returned to China. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156–57 (9th Cir.2003).

### PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

